United States District Court
Southern District of Texas
**ENTERED**
June 08, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LOLA KASALI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-26-2441 |
| | § | CRIMINAL ACTION NO. H-21-54 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

## ORDER OF ADOPTION

The Court has carefully considered Magistrate Judge Palermo's Report and Recommendation ("Report and Recommendation") (Docket Entry No. 488), dated May 7, 2026, and Defendant Lola Kasali's objections thereto (Docket Entry Nos. 493 and 496), and concludes that Kasali's objections should be overruled, the Report and Recommendation should be adopted, Kasali's motion to vacate her sentence under 28 U.S.C. § 2255, Docket Entry No. 448, should be denied with prejudice, and a certificate of appealability should be denied.

Kasali originally filed the pending motion to vacate her sentence, Docket Entry No. 448, in Civil Action No. 4:26-cv-2441. The motion was transferred to this Criminal Action pursuant to Rule 3 of the Rules Governing § 2255 Proceedings for the United States District Courts, which requires such motions to be entered on the criminal docket of the case in which the challenged judgment was entered.  See R. Gov. § 2255 Proceedings 3(b).  The Magistrate Judge concluded that Kasali's motion to vacate her sentence should

1

be denied because it was not timely filed, and because even if the motion had been timely, Kasali's claims fail on the merits.  The Magistrate Judge also concluded that Kasali is not entitled to a Certificate of Appealability, that Kasali's two motions to strike (Docket Entry Nos. 471 and 477) should be denied, and that a number of other motions should be denied as moot.

Although Kasali's motion to vacate her sentence under 28 U.S.C. § 2255 may have been untimely filed, the Court prefers to focus on the motion's merits.  Kasali asserted four constitutional violations in support of her motion to vacate her sentence: (1) denial of her right to be present at trial; (2) ineffective assistance of counsel based on a stipulation regarding sentencing enhancements entered without her knowledge or consent; (3) ineffective assistance of counsel due to conflicts with counsel; and (4) inability to retain counsel of her choice because she was denied the right to make phone calls.[1]  The Magistrate Judge found that Kasali's claims for denial of her right to be present at trial and for ineffective assistance of counsel due to conflicts with counsel fail because they were raised and rejected on appeal.[2]  The Magistrate Judge found that Kasali's claims for ineffective assistance of counsel due to a stipulation entered

---

[1]Report and Recommendation, Docket Entry No. 488, p. 3 (citing 28 U.S.C. § 2255 Motion, Docket Entry No. 448, pp. 6-10).  Page numbers for docket entries refer to the pagination inserted at the top of the page by the court's electronic filing system.

[2]Id. at 5-6.

without her knowledge or consent and due to an inability to retain counsel of her choice fail because Kasali did not demonstrate cause and prejudice for failing to raise these issues on appeal.[3]

Kasali's objections to the Report and Recommendation challenge the Magistrate Judge's authority to issue the Report and Recommendation on her motion to vacate her sentence.[4] Citing inter alia Parks v. Collins, 761 F.2d 1101 (5th Cir. 1985),[5] Kasali argues that

> [o]n December 1, 2025, [J]udge Sim Lake referred document[s] 396, 397, and all related matters pending on the record on December 1, 2025, to [M]agistrate [J]udge Dena Hanovice Palermo. However, [the] 28 U.S.C. 2255 motion to vacate sentence was not on the record on December 1, 2025. The 28 U.S.C. 2255 motion to vacate sentence was mailed to the Court on March 23, 2026 and docketed on the record on March 26, 2026 (see document[s] 448 and 448-1).
>
> The 28 U.S.C. 2255 motion did not mention anything about document 396 and document 397. Therefore, it appears that [M]agistrate [J]udge Dena Hanovice Palermo does not know the meaning of "related [matters]."
>
> . . .
>
> Because there was no referral, the magistrate judge lacked authority to issue the report and recommendation.[6]

---

[3]Id. at 6-8.

[4]See Objection to Report and Recommendation (Document 488), Docket Entry Nos. 493 and 496, p. 1.

[5]Id. at 2.

[6]Id. at pp. 1-2 of Docket Entry No. 493, and p. 1 of Docket Entry No. 496.

In pertinent part the Parks court concluded that the magistrate judge who had entered an order setting aside a default judgment did so without authority because there was no order of reference from the district court and no indication that the parties had consented to have the magistrate judge rule on the relevant motions. Id. at 1104-06. Kasali's reliance on Parks is misplaced because there is a referral order in this case. As the magistrate judge stated,

> [t]he district judge to whom this case is assigned referred all pending matters and matters related to the Supervised Release Petition, ECF 396, to this Court. Order ECF No. 411. Under Rule 10 of the Rules Governing Section 2255 Proceedings, a magistrate judge may perform the duties of a district judge pursuant to 28 U.S.C. § 636. Since the motion to vacate references the Supervised Release Petition, ECF No. 448, this motion is properly before the Court.[7]

On December 1, 2025, the court entered an Order of Referral stating in pertinent part that

> [o]n November 14, 2025, the Motion Under 18 USC § 3583(e)(2) to Modify []or Reduce Term of Supervised Release to Time Served (docket no. 397) and all related matters were **REFERRED** to Magistrate Judge Dena Hanovice Palermo for resolution.
>
> It is **ORDERED** that the Supervised Release Petition (docket no. 396) and all pending motions and related matters are **REFERRED** to United States Magistrate Judge Dena Hanovice Palermo.[8]

Kasali objects to the Report and Recommendation on her motion to vacate sentence as unrelated to the motions expressly referred to

---

[7]Report and Recommendation, Docket Entry No. 488, p. 1 n. 1.

[8]Order of Referral, Docket Entry No. 411.

the magistrate judge because the motion to vacate (Docket Entry No. 448) was filed on March 26, 2026, over four months after the motion to modify Kasali's term of supervised release (Docket Entry No. 397) was filed on November 5, 2025.  Since, however, both motions seek the same relief, i.e., an order for immediate release from custody, the court is not persuaded that Kasali's motion to vacate her sentence under 28 U.S.C. § 2255 is unrelated to her motion to modify or reduce her term of supervised release under 18 U.S.C. § 3583(e)(2) (Docket Entry No. 448).  Therefore, unlike the magistrate judge in Parks, Magistrate Judge Palermo had authority to issue the Report and Recommendation, Docket Entry No. 488, pursuant to the December 1, 2025, Order of Referral, Docket Entry No. 411.

Kasali's objections do not address the Magistrate Judge's determination that her motion to vacate was untimely filed, that the four constitutional violations asserted in support of the motion all fail for lack of merit, or that a Certificate of Appealability should be denied.[9]  Nor do Kasali's objections address the Magistrate Judge's conclusions that her two motions to strike (Docket Entry Nos. 493 and 496) should be denied, or that other motions addressed should be denied as moot.

---

[9]See Objection to Report and Recommendation (Document 488), Docket Entry Nos. 493 and 496, p. 2 ("This motion only addressed the procedural errors of document 488, . . . and did not address document 488 on the merits.").

### <u>DENIAL OF CERTIFICATE OF APPEALABILITY</u>

Kasali has not requested a certificate of appealability ("COA"), but this court may determine whether she is entitled to this relief in light of the foregoing rulings.  See <u>Alexander v. Johnson</u>, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam) ("It is perfectly lawful for district court's [sic] to deny COA <u>sua sponte</u>. The statute does not require that a petitioner move for a COA; it merely states that an appeal may not be taken without a certificate of appealability having been issued.").  A petitioner may obtain a COA either from the district court or an appellate court, but an appellate court will not consider a petitioner's request for a COA until the district court has denied such a request.  See <u>Whitehead v. Johnson</u>, 157 F.3d 384, 388 (5th Cir. 1988) (per curiam).  <u>See also</u> <u>Hill v. Johnson</u>, 114 F.3d 78, 82 (5th Cir. 1997) ("[T]he district court should continue to review COA requests before the court of appeals does.").  "A plain reading of the A[ntiterrorism and] E[ffective] D[eath] P[enalty] A[ct] compels the conclusion that COAs are granted on an issue-by-issue basis, thereby limiting appellate review to those issues alone." <u>Lackey v. Johnson</u>, 116 F.3d 149, 151 (5th Cir. 1997).

A COA may issue only if the petitioner has made a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  <u>See also</u> <u>United States v. Kimler</u>, 150 F.3d 429, 431 (5th Cir. 1998) (per curiam).  A petitioner "makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court

6

could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further." Hernandez v. Johnson, 213 F.3d 243, 248 (5th Cir.), cert. denied, 121 S. Ct. 400 (2000).  The Supreme Court has stated that:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.  The issue becomes somewhat more complicated where . . . the district court dismisses the petition based on procedural grounds.  We hold as follows: When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. . . . Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted.

Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000).

This court has carefully considered Kasali's petition.  The court finds that reasonable jurists would not find it debatable that Kasali's claims are procedurally barred, either because they were raised and rejected on appeal or because Kasali failed to demonstrate cause and prejudice for failing to raise them on appeal.  Kasali thus fails to make a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The court therefore concludes that Kasali is not entitled to a certificate of appealability.

7

## CONCLUSIONS AND ORDER

For the reasons stated above, Kasali's objections to Magistrate Judge Palermo's Report and Recommendation (Docket Entry No. 488) asserted in Docket Entry Nos. 493 and 496 are **OVERRULED.** Magistrate Judge Palermo's Report and Recommendation, Docket Entry No. 488, is **ADOPTED** by this Court.

Defendant's 28 U.S.C. § 2255 Motion, Docket Entry No. 448 is **DENIED WITH PREJUDICE.** No Certificate of Appealability shall issue.

**SIGNED** at Houston, Texas, this 8th day of June, 2026.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE